UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOROTHY KING,

                Plaintiff,

v.                                          Civil Action No. _____

MIDLAND CREDIT MANAGEMENT, INC.

                Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices as well an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff, Dorothy King, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Midland Credit Management, Inc. is a corporation organized and existing under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That at all times relevant herein, each Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a cellular telephone debt with T-Mobile. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or

household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff allegedly defaulted on the subject debt prior to Defendant contacting her.

20. That upon information and belief, Defendant was employed by either the original creditor or the current account holder to collect on the subject debt.

21. That in or about June of 2012, Defendant began calling Plaintiff's cellular telephone number using an "automatic telephone dialing systems" as defined by the TCPA, multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

22. That prior to making the afore-mentioned calls to the Plaintiff, Defendant never acquired Plaintiff's consent to call her cellular telephone using an "automatic telephone dialing systems" as defined by the TCPA.

23. That during the first of these aforementioned telephone calls, Plaintiff informed the Defendant that she was on disability and could not pay the alleged subject debt and to please stop calling her cellular telephone.

24. That despite said request, the Defendant continued to call the Plaintiff on her cellular telephone for the subject debt.

25. That Plaintiff has told the Defendant multiple times since the first conversation that she is on disability and cannot pay the alleged subject debt and to stop calling her on her cellular telephone.

26. That in or about May of 2014, Plaintiff once again informed the Defendant to stop calling her as she could not pay the alleged subject debt due to her disability.

27. That the Defendant did not give the mini-Miranda warning during the initial communication with Plaintiff as is required by 15 U.S.C. §1692e(11).

28. That despite Plaintiff's numerous requests that Defendant stop calling, Plaintiff has continued to receive telephone calls from the Defendant using an "automatic telephone dialing systems" as defined by the TCPA and/or artificial/pre-recorded voice messages from Defendant.

29. That Defendant also contacted the Plaintiff's parents at their residence and disclosed the existence of the alleged subject debt.

30. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

31. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

32. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

33. Defendant violated 15 U.S.C. §1692d, and 15 U.S.C. §1692d(5), by repeatedly causing Plaintiff's telephone to ring repeatedly the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

34. Defendant violated 15 U.S.C. §1692c(a)(1) by repeatedly contacting Plaintiff's cellular telephone when requested not to do so.

35. That Defendant violated 15 U.S.C. §1692e(11) by not giving the mini-Miranda warning during the above calls to the Plaintiff.

36. That Defendant violated 15 U.S.C. §1692b(2) by contacting the Plaintiff's parents and disclosing the existence of the alleged subject debt.

37. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

38. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

39. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

40. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

42. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

43. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

44. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

45. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

46. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 8, 2014

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
  khiller@kennethhiller.com